## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM LANDMAN,
c/o Blank Rome LLP,
One Logan Square,
130 North 18th Street,
Philadelphia, PA 19103,

*Plaintiff,*

v.

RSUI INDEMNITY COMPANY,
945 E Paces Ferry Road NE,
Suite 1800,
Atlanta, GA 30326

*Defendant.*

Civil Action No. _____

ELECTRONICALLY FILED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff William Landman ("Landman" or "Plaintiff") by and through his

undersigned attorneys, hereby files this Complaint and Demand for Jury Trial against Defendant

RSUI Indemnity Company ("RSUI") and in support thereof, avers as follows:

### NATURE OF THE CASE

1.     On or about November 8, 2013, Landman became a Director of Unequal

Technologies Company ("UTC").

2.     UTC produces a broadening line of proprietary products which dramatically

reduce the harmful effect of blunt force trauma and impact shock for law enforcement and

military personnel, as well as for athletes.

3.     On June 13, 2018, UTC shareholder Joseph D'Ascenzo filed a lawsuit in the

Court of Common Pleas for Chester County against Landman, UTC, and UTC chairman Robert

Vito, captioned *D'Ascenzo v. Unequal Technologies Co., et al.* (the "Underlying Action"). A true and correct copy of the complaint is attached hereto as **Exhibit A**.

4.      On or about March 18, 2019, D'Ascenzo filed the Third Amended Complaint, which is the operative pleading. A true and correct copy of the Third Amended Complaint is attached hereto as **Exhibit B**.

5.      The Underlying Action brings claims against, *inter alia*, Landman based on his conduct as a director after November 8, 2013.

6.      UTC purchased insurance from RSUI under a Directors and Officers Liability Policy No. HP674556, for the policy period November 19, 2017 to November 19, 2018 (the "RSUI Policy"). A true and correct copy of the RSUI Policy is attached hereto as **Exhibit C**.

7.      The RSUI Policy provides coverage for, *inter alia*, "Loss" resulting from "Claims" first made against UTC's "Insured Persons" during the RSUI Policy's policy period, "for Wrongful Acts," whether incurred directly by an Insured Person or indemnified by an Insured.

8.      Landman is an Insured Person under the RSUI Policy.

9.      Landman brings this action seeking a judgment: (1) that RSUI is obligated to defend and indemnify Landman in connection with the Underlying Action; and (2) for damages for breach of contract for RSUI's refusal to defend Landman against the Underlying Action and pay 100% of his "Defense Expenses" as required by the RSUI Policy, along with pre-judgment and post-judgment interest, attorneys' fees, and costs, and such other further relief as the Court may deem just and proper.

## THE PARTIES

10.      Landman is a resident of Pennsylvania and regularly does business within the District.

11.     RSUI is an insurance company incorporated in the State of New Hampshire with its principal place of business at 945 E. Paces Ferry Road, Suite 1800, Atlanta, GA 30326.  RSUI is licensed to do business in the Commonwealth of Pennsylvania, has written insurance policies covering risks for Pennsylvania citizens, including UTC and Landman, and otherwise transacts substantial business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

12.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  This Court has the power to declare the parties' rights and obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13.     The Court has jurisdiction over RSUI because RSUI transacted and continues to transact the business of selling insurance in Pennsylvania and has otherwise purposefully availed itself of the jurisdiction.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because RSUI's business activities within the District subject it to personal jurisdiction and "a substantial part of the events or omissions giving rise to the claim occurred" in this District, including, *inter alia*, the delivery of the RSUI Policy and the breach thereof.

## FACTUAL BACKGROUND

## THE RSUI POLICY

15.     UTC paid all required insurance premiums for the RSUI Policy.

16.     UTC and Landman have satisfied all terms and conditions of the RSUI Policy.

17.     The RSUI Policy was in full force and effect at all pertinent times.

18.     The RSUI Policy's Section I states that RSUI agrees:

   A. With the Insured Person that if a Claim for a Wrongful Act is

      first made against any Insured Person during the Policy Period

3

... the Insurer will pay on behalf of the Insured Person all Loss

Such Insured Person is legally obligated to pay ....

    B.  With the Insured Organization that if a Claim for a Wrongful

Act is first made against any Insured Person during the Policy

Period ... the Insurer will pay on behalf of the Insured

Organization all Loss for which the Insured Organization is

required or permitted to indemnify the Insured Person.

19.    The RSUI Policy defines "Insured" to mean "any Insured Organization and/or any Insured Person."

20.    The RSUI Policy defines "Insured Organization" to mean "The organization named in Item 1. of the Declarations Page ...."  ITEM 1 of the Declarations in turn designates UTC as the Named Insured.

21.    The RSUI Policy defines "Insured Person" to include "Any past, present or future director ... of the Insured Organization ...."

22.    The RSUI Policy defines "Claim" to include a "civil ... proceeding for monetary or non-monetary relief which is commenced by: (a) Receipt or service of a complaint or similar pleading."

23.    The RSUI Policy defines "Wrongful Act" to include "any actual or alleged act, error, omission, misstatement, misleading statement, neglect, or breach of duty ... by: (1) Any Insured Person acting in his or her capacity as such and on behalf of the Insured Organization or any matter claimed against them solely by reason of their status as an Insured Person ...."

24.    The RSUI Policy defines "Loss" to mean "damages ..., settlements, judgments (including pre- and post-judgment interest on a covered judgment) and Defense Expenses."

25.     The RSUI Policy defines "Defense Expenses" to mean "reasonable and necessary legal fees and expenses incurred, with the Insurer's consent, by any Insured in defense of a Claim, including any appeal therefrom."

26.     The RSUI Policy provides that "It shall be the right and duty of the Insurer to defend any Claim against the Insured for which Coverage applies under this policy ...."

## THE UNDERLYING ACTION

27.     On or about June 13, 2018, Joseph D'Ascenzo, a UTC shareholder, filed the Underlying Action against UTC, Landman, UTC's president, and corporate entities affiliated with UTC, Landman, and/or the president.

28.     On or about March 18, 2019, D'Ascenzo filed the operative pleadings, the Third Amended Complaint, in the Underlying Action.

29.     The central claims in the original and operative pleadings address D'Ascenzo's claims regarding a December 2017 board election (*see* Ex. A, Count I; Ex. B., Counts I, III, IV, and V). The Third Amended Complaint also asserts additional claims, including regarding a disputed 2019 election.

30.     The Underlying Action alleges, *inter alia*, that:

a)  "Plaintiff D'Ascenzo has been aggrieved as a direct result of ... the refusal of Defendants Landman and Vito to recognize his election to the Board of Directors or allow his participation in Board decisions during his term as well as preclude him from mounting an effective proxy bid for election to the Board of Directors," (Ex. A ¶ 5); and

b)  "Defendants Vito and Landman hold themselves out as Directors and exercise the powers of Directors despite their questionable status of same as more fully set forth herein as Plaintiff seeks a declaration that neither of

5

the Defendants were properly elected at the Annual Meeting of

Shareholders on December 19th, 2017, nor are any actions taken as

Directors valid since the 2017 Annual Meeting," (*id.* ¶ 6).

## THE COVERAGE DISPUTE

31.     UTC provided timely written notice on behalf of itself and Landman to RSUI of

the Underlying Action under the RSUI Policy, and subsequently provided RSUI a copy of the

operative pleadings.

32.     On August 27, 2018, RSUI issued a letter to UTC denying coverage for the

Underlying Action.

33.     RSUI conceded that the Underlying Action "appears to constitute a Claim

alleging Wrongful Acts and was first made against Insureds UTC, Vito and Landman during the

RSUI Policy Period."

34.     RSUI stated in the August 2018 letter that it was declining coverage on the

purported ground that "the Lawsuit alleges, arises out of, is based upon or attributable to, directly

or indirectly, in whole or in part, actual or alleged Wrongful Acts which first occurred prior to

November 19, 2013," and is therefore barred under the Prior Acts exclusion

35.     RSUI further states in the August 2018 letter that it was also declining coverage

on the purported ground that the underlying "Plaintiff alleges that he was elected a director of

UTC on December 19, 2017.  As such, Plaintiff is an Insured under the Policy and coverage for

the Claim is barred pursuant to" the Insured v. Insured exclusion.

36.     Landman responded on December 27, 2018, requesting that RSUI reverse its

denial of coverage as to Landman and undertake its duty to defend on the grounds that (1) the

Prior Acts Exclusion cannot apply because, *inter alia*, Landman was not made a director until

November 8, 2013, and the complaint does not allege an act in which Landman could have been

involved as a director until February 6, 2014, well after the November 19, 2013 Prior Acts date; and (2) unless and until the underlying plaintiff obtains a declaration that he is a duly elected director, he cannot be treated as a director insured under the Policy and his action to secure that declaration does not implicate the Insured v. Insured exclusion.  Landman further informed RSUI that on December 7, 2018, a court denied the underlying plaintiff's petition seeking a declaration that he was an elected director, and attached a copy of the order.

37.     On February 6, 2019, RSUI issued another letter reiterating its denial of coverage for the Underlying Action, and attaching the August 2018 letter.  A true and correct copy of the February 2019 RSUI letter is attached hereto as **Exhibit D**.

38.     There is a current dispute between Landman and RSUI as to the application of the RSUI Policy to the Underlying Action.

## FIRST CLAIM FOR RELIEF
(Breach of Contract – Duty to Defend)

39.     Landman restates and re-alleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

40.     Under the RSUI Policy, RSUI undertook the duty to defend Landman against any Claim covered by the RSUI Policy and to pay 100% of Landman's Defense Expenses for such Claim.

41.     The Underlying Action constitutes a Claim against Landman covered by the RSUI Policy.

42.     The causes of actions concerning the 2017 board election are neither premised nor dependent on alleged acts before November 19, 2013.

7

43.     The Prior Acts Exclusion set forth within the RSUI Policy does not apply to the causes of action in the Third Amended Complaint that, *inter alia*, concern the 2017 board election.

44.     The allegations in the Underlying Action as to Landman concern alleged conduct on or after February 6, 2014.

45.     RSUI declined to assume its "duty to defend" Landman in connection with the Claim established by the Underlying Action and refused to pay Landman's Defense Expenses for the Claim.

46.     RSUI's denial of coverage and refusal to pay Landman's Defense constitutes a material breach of RSUI's obligations under the RSUI Policy.

47.     RSUI's breach of the RSUI Policy has proximately caused Landman harm for which Landman is entitled to damages according to proof, but in any event exceeding $75,000, exclusive of interest, attorneys' fees, and costs.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

48.     Landman restates and re-alleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

49.     A justiciable controversy exists between Landman and RSUI as to their respective rights and obligations, and the scope of coverage owed to Landman under the RSUI Policy for the Claim established by the Underlying Action.

50.     Landman seeks a judicial determination to resolve a present justiciable controversy among the parties regarding the coverage of the Claim under the RSUI Policy.

51.     Landman is entitled to a judicial declaration by the Court pursuant to 28 U.S.C. §§ 2201 and 2202 that RSUI is obligated to defend and indemnify Landman for the Claim.

52.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

## PRAYER FOR RELIEF

**WHEREFORE**, Landman respectfully requests an order as follows:

a.     Awarding Landman compensatory and consequential damages in an amount to be awarded at trial but in any event exceeding $75,000;

b.     Declaring that RSUI is obligated to defend Landman in connection with the Claim, pay 100% of his associated "Defense Expenses," and indemnify Landman against all other "Loss" for which RSUI does not first establish a policy exclusion applies;

c.     Awarding Landman his attorneys' fees and costs of suit;

d.     Awarding Landman pre-judgment and post-judgment interest; and

e.     Awarding Landman any other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Landman hereby demands that this matter be heard before a jury on all issues so triable.

9

Dated: June 6, 2019

BLANK ROME LLP

By: _____

Rebecca Ward
Attorney ID No. 79547
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
ward@BlankRome.com

John E. Heintz (*to be admitted pro hac vice*)
1825 Eye Street N.W.
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
jheintz@BlankRome.com

*Attorneys for Plaintiff William Landman*